IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DIANE S. VANN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:23-CV-340 (CAR) |
| | : | |
| OFFICE OF THE STATE | : | |
| TREASURER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER ON DEFENDANT'S MOTION TO DISMISS</u>

Currently before the Court is Defendant Georgia Office of the State Treasurer's Motion to Dismiss *pro se* Plaintiff Diane S. Vann's Complaint seeking to have this Court reopen her state court case. For the reasons explained below, the Court finds that it lacks jurisdiction to hear this case. Thus, Defendant's Motion [Doc. 5] is **GRANTED**.

## BACKGROUND

On September 6, 2022, Plaintiff filed an action in the State Court of Bibb County, civil action number 22-SCCV-094758, requesting the State Office of the Treasury reimburse the qualifying fees she paid to run in the Republican primary for the U.S. House of Representatives in 2010, 2014, and 2016.[1] The State Court dismissed her

---

[1] Complaint [Doc. 1 at 1–2].

Complaint for lack of subject matter jurisdiction due to the State's sovereign immunity.[2] On September 5, 2023, Plaintiff visited the State Court of Bibb County and requested her case be reopened, which was denied.[3] Plaintiff then filed the present action requesting this Court to reopen her state court case.[4]

Defendant maintains Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction or, alternatively, because it fails to state a claim upon which relief may be granted.[5] Because the Court finds that it lacks subject matter jurisdiction to consider the merits of the Complaint, Defendant's Motion to Dismiss must be granted, and the Court will not consider the merits of the case.

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction can take the form of either a facial or factual attack on the Court's exercise of jurisdiction.[6] Defendant in this case asserts a facial attack, arguing that the facts as alleged in the Complaint fail to demonstrate the Court has jurisdiction. On a facial challenge, the Court accepts all allegations as true in order to determine if the claimant alleged sufficient facts to support the exercise of subject matter jurisdiction.[7] In so doing, the Court remains mindful that

---

[2] *Id.* at 2; State Court of Bibb County Order to Dismiss [Doc. 1-6 at 2].

[3] *Id.*

[4] *Id.*

[5] *See* Fed. R. Civ. P. 12(b)(1), (6); 12(h)(3).

[6] *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

[7] *Id.* at 1529.

"[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed."[8]  However, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[9]

## ANALYSIS

The Court lacks jurisdiction to hear this case on at least two fronts: (1) because federal courts cannot review final judgments of state courts under the *Rooker-Feldman* doctrine, and (2) Plaintiff's Complaint fails to cite to an applicable waiver of Eleventh Amendment immunity. Thus, Plaintiff's Complaint must be dismissed.[10]

### I.    *Rooker-Feldman* **Doctrine**

"The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim

---

[8] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[9] *United States v. Korman*, No. 07-80998-CIV, 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[10] Defendant asserts multiple reasons the Court lacks jurisdiction, but the Court need not address them all.

succeeds only to the extent that the state court wrongly decided the issues before it."[11] "It is also inextricably intertwined if it asks the district court to 'effectively nullify the state court judgment.'"[12]

Here, Plaintiff's claim is inextricably intertwined with the state court judgment because she asks the Court to "reopen" the state court case. The State Court of Bibb County dismissed her case for lack of jurisdiction based on sovereign immunity. If this Court "reopened" her state court case, it would "effectively nullify the state court judgment."[13] Thus, Plaintiff's Complaint must be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

## II.    Eleventh Immunity

Even if the *Rooker-Feldman* doctrine did not bar Plaintiff's Complaint, the Eleventh Amendment bars this Court from hearing this case. Under the Eleventh Amendment, "an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens."[14] "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the

---

[11] *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)).

[12] *Palmer v. Washington County*, No. 19-10500-FF, 2019 WL 2108084, at *1 (11th Cir. Apr. 29, 2019) (quoting *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018)).

[13] *Palmer*, 2019 WL 2108084, at *1.

[14] *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

4

Eleventh Amendment."[15] Plaintiff's purported Defendant, the Office of the State Treasurer, is a department or agency of the State of Georgia that enjoys sovereign immunity,[16] and Plaintiff fails to allege any facts that could indicate the State has waived its Eleventh Amendment immunity. Thus, Plaintiff's Complaint must be dismissed for lack of jurisdiction under the Eleventh Amendment.

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 15th day of July, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[15] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[16] *Carter v. United States*, 517 F. App'x 839, 840 (2013) (citing *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)).